IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward L. Cross, #312071, <br> *a/k/a Edward Lee Cross,* <br> <br> Petitioner, <br> <br> vs. <br> <br> Warden Stevenson, Broad River Corr. Inst., <br> <br> Respondent. | C/A No.: 1:14-3211-RBH-SVH <br> <br> <br> REPORT AND RECOMMENDATION |

Petitioner Edward L. Cross, proceeding pro se and in forma pauperis, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended petition in this case without prejudice and without requiring the respondent to file an answer.

I.     Factual and Procedural Background

The instant amended petition is the second habeas action filed by Petitioner in this court challenging the same conviction.[1] *See Cross v. Stevenson,* C/A No.: 1:11-2874-RBH ("*Cross I*"). A review of *Cross I* reveals that Petitioner was indicted by the York

---

[1] This court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of scertainable facts is in noticing the content of court records.") (citation omitted).

County grand jury in December 2004 for trafficking cocaine. *Cross I*, Entry #55 at 3. On September 8–9, 2005, a jury tried and convicted Petitioner and the court sentenced him to 25 years imprisonment. *Id.* Petitioner appealed his conviction and sentence to the South Carolina Court of Appeals ("Court of Appeals"), which dismissed the appeal on January 14, 2008. *Id.* at 3–4. Petitioner unsuccessfully sought rehearing. *Id.* at 4. Petitioner filed a pro se petition for writ of certiorari with the South Carolina Supreme Court that was denied on September 4, 2008. *Id.* The remittitur was issued on September 8, 2008. *Id.*

Petitioner filed an application for post-conviction relief ("PCR") on April 29, 2009. *Id.* The PCR court issued an order on January 25, 2010, denying relief. *Id.* at 5. Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court, and on September 9, 2011, the South Carolina Supreme Court denied certiorari. *Id.* The remittitur issued on September 27, 2011. *Id.*

Petitioner filed *Cross I* in this court on October 25, 2011. *Cross I* at Entry #1. This court considered the petition on the merits and granted respondent's motion for summary judgment. *Id.* at Entry #64. The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. *Id.* at Entry #72. The instant amended petition seeks a writ of habeas corpus on the same conviction.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this amended petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant amended petition seeks a writ of habeas corpus on the same conviction as in *Cross I*. Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has thirty days to determine whether "the application makes a prima facie

showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because there is no showing that Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it. Therefore the undersigned recommends the petition be summarily dismissed.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the amended petition without prejudice and without requiring respondent to file a return.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 30, 2014                              Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).